IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMES A. WILSON**, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | )    Civ. Act. No. 04-1363-GMS |
| | ) |
| **RICHARD KEARNEY**, Warden, et al., | ) |
| | ) |
|     Respondents | ) |

## ANSWER TO
## MOTION FOR DEFAULT JUDGMENT

Respondents submit the following in opposition to petitioner's motion for default judgment (DI 6):

1. A Superior Court jury in Kent County convicted petitioner James A. Wilson of first degree robbery, second degree conspiracy, resisting arrest, and possession of a deadly weapon during the commission of a felony. In 1989 and 1990, Wilson applied for federal habeas relief. After receiving answers from state prosecutors to the petitions, this Court denied Wilson's petitions, holding that one claim failed on the merits and the other claim was procedurally defaulted. *Wilson v. Redman*, Civ. Act. Nos. 89-665 & 90-312-SLR (D. Del. Feb. 19, 1992).

2. Wilson in October 2004 filed another petition for a writ of habeas corpus. DI 1. On December 6, 2004, the court, pursuant to Habeas Rule 4, issued an order,

directing respondents to answer the petition.  DI 5.  Though the December 6 order directed the Clerk to serve respondents by certified mail, the docket does not show that respondents ever received Wilson's petition and the December 6 order.

3.  Wilson, on February 17, 2005, moved for the entry of a default judgment in the case, noting that respondents had not answered the petition as required by the court's December 6 order.  DI 6.

4.  Wilson's application should be denied for two reasons.  First, in the absence of any indication that respondents have ever received the petition and the December 6 order, there is no obligation to answer the petition.  *See* Fed. R. Civ. Pro. 12(a) (obligation to file answer triggered by service of summons and complaint).  Given the absence on the docket of any executed return receipt, respondents suggest that the current state of the record fairly supports the inference that respondents have never received Wilson's petition and the December 6 order.  In turn, because of the significant public interest implicated in the event that a state prisoner is erroneously released, default is unavailable in federal habeas proceedings.  *E.g., Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995); *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994); *Goodman v. Keohane*, 663 F.2d 1044, 1047 n.4 (11th Cir. 1981).

5. The motion for a default judgment should accordingly be denied.

           /s/ LOREN C. MEYERS
           Loren C. Meyers
           Chief of Appeals Division
           Department of Justice
           820 N. French Street
           Wilmington, DE  19801
           (302) 577-8500
           Del. Bar ID 2210
           loren.meyers@state.de.us

March 17, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on March 17, 2005:

1. He electronically filed the attached document (Answer to Motion for Default Judgment) with the Clerk of the Court using CM/ECF.

2. He caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following non-registered participant:

James A. Wilson
No. 163663
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

/s/ LOREN C. MEYERS
Loren C. Meyers
Chief of Appeals Div.
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us