**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES A. WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A.No. 04-1363-GMS |
| | ) |
| RICHARD KEARNEY, et al., | ) |
| | ) |
| Respondents. | ) |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 *U.S.C.* foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On January 3, 2000, the New Castle County grand jury indicted James A. Wilson on one count of trafficking in cocaine (5 to 50 grams) (16 *Del. C.* § 4753A(a)(2)(a)), one count of possession with intent to distribute cocaine (16 *Del. C.* § 4751(a)), one count of maintaining a vehicle for keeping controlled substances (16 *Del. C.* § 4755(a)(5)), one count of possession of marijuana (16 *Del. C.* § 4754(a)), and one count of possession of drug paraphernalia (16 *Del. C.* § 4771). On November 3, 2000, the Superior Court declared a mistrial as the result of a discovery violation. On May 10, 2001, following a second jury trial, Wilson was found guilty of all charges in the indictment.[1] On September 7, 2001, the Superior Court sentenced Wilson to: 10 years at level V, the first three years being mandatory on the trafficking conviction; 3 years at level V suspended for 3 years at level IV work-release, suspended after 6 months for level III probation,

---

[1] Wilson was found guilty of the lesser included offense of possession of cocaine (16 *Del. C.* § 4753), which conviction merged with the trafficking conviction.

suspended after 6 months for level II probation on maintaining a dwelling; 1 year at level V, suspended for 1 year at level II on the marijuana possession conviction; and 1 year at level V, suspended for 1 year at level II on the drug paraphernalia conviction.

Before trial, on January 16, 2001, Wilson filed a motion to suppress the drugs and paraphernalia found by police, as well as a motion to dismiss on the basis of double jeopardy. On March 16, 2001, the Superior Court held an evidentiary hearing on the motions to suppress and dismiss, and denied both motions. Wilson represented himself at trial, but received appointed counsel on appeal. His appellate counsel represented Wilson subsequent to the mistrial in the first case, and up to the commencement of the second trial.

Wilson timely appealed his conviction to the Delaware Supreme Court. On direct appeal, Wilson raised one issue: that the Superior Court erred in denying his motion to suppress the drugs on the basis that Wilson lacked standing to challenge the search. On September 18, 2002, the Delaware Supreme Court affirmed Wilson's conviction and found the Superior Court's March 2001 order denying Wilson's motion to suppress to be factually and legally correct. *Wilson v. State*, 2002 WL 31106354 (Del. 2002). On October 16, 2002, Wilson, *pro se*, filed a Rule 61 motion for post-conviction relief in Superior Court. The Superior Court denied this Rule 61 motion on July 2, 2003. *State v. Wilson,* 2003 WL 21524696 (Del. Super. Ct. 2003). Wilson appealed the Superior Court's denial of his Rule 61 motion to the Delaware Supreme Court and, now represented by counsel, raised four arguments: 1) the same Fourth Amendment search and seizure issue that he presented in his direct appeal; 2) a Sixth Amendment ineffective assistance of counsel claim tied into the motion to suppress the allegedly illegally seized

evidence; 3) a Sixth Amendment ineffective assistance of counsel claim based on trial counsel's failure to subpoena the medical examiner as a witness; and 4) that Wilson's second trial violated double jeopardy. On February 2, 2004, the Delaware Supreme Court affirmed the Superior Court's denial of Wilson's motion for post-conviction relief. *Wilson v. State*, 2004 WL 220320 (Del. 2004).

Wilson has now applied for federal habeas corpus relief. In his petition signed October 11, 2004, Wilson presents five claims for relief: 1) that the evidence seized by police should have been suppressed; 2) that his arrest based on the seizure of this evidence was unlawful; 3) that his re-trial violated double jeopardy; 4) that his conviction was obtained in violation of *Brady v. Maryland*;[2] and 5) that his counsel was ineffective for failing to subpoena a medical examiner as a witness, failing to raise the issue of double jeopardy on direct appeal, and failing to call him as a witness at the suppression hearing in Superior Court. (D.I. 1). The first two of Wilson's claims (alleged unlawful search and seizure and alleged unlawful arrest) are part and parcel of the Fourth Amendment claim that Wilson raised on direct appeal. Wilson has thus presented to the state supreme court in his direct appeal the first two claims that he makes in his federal habeas petition. As a result, Wilson has exhausted state remedies as to those first two claims. *See Smith v. Digmon*, 434 U.S. 332 (1978).

While Wilson has exhausted his state remedies as to these first two claims, federal habeas review of his Fourth Amendment claim is nonetheless barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976). *Stone* precludes a federal habeas court from considering a claim that evidence introduced at trial was obtained as the result of an illegal arrest or

---

[2] 373 U.S. 83 (1963).

3

search if the state courts have given the petitioner a full and fair opportunity to litigate the claim. 428 U.S. at 494. In determining whether a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim, the only question is whether the state makes available a mechanism for suppression of evidence seized in or tainted by an unlawful search or seizure. *See United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906 (3d Cir. 1977). In Delaware, that mechanism is created by Superior Court Criminal Rule 41. *See Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994). Wilson availed himself of that procedure in the Superior Court when he moved to suppress the evidence seized from his car (drugs and drug paraphernalia) and the court held an evidentiary hearing. Furthermore, Wilson pursued the issue on direct appeal of his conviction, and the Delaware Supreme Court considered (and rejected) his claim that the evidence seized was the result of an illegal search or arrest because Wilson lacked standing to challenge the search. Because Wilson has not argued that a structural defect exists in Delaware's criminal process to consider search and seizure issues to prevent a full and fair litigation of his claim, he cannot overcome the *Stone* prohibition against relitigation of Fourth Amendment search and seizure issues in the context of federal habeas. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

In his third claim for relief Wilson has alleged that his conviction violates the federal constitutional prohibition against double jeopardy. Wilson presented his double jeopardy claim to the state supreme court on appeal from the denial of his state post-conviction motion, thereby exhausting his claim. *See Digmon*, 434 U.S. at 333; *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas

petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Wilson presented this claim in his post-conviction motion without having presented the issue first on direct appeal. Under Superior Court Criminal Rule 61(i)(3), Wilson's double jeopardy claim, which could have been brought on direct appeal,[3] was barred unless he could show cause for his procedural default and actual prejudice, or that his claim should be reviewed under the fundamental fairness exception. *See* DEL. SUPER. CT. CRIM. R. 61(i)(3), (5). Thus, federal habeas review of Wilson's claim is barred unless he establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 804-05 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05. Liberally reading Wilson's petition, he has alleged ineffective assistance of appellate counsel as cause for his procedural default.

---

[3] *E.g., Hughey v. State*, 522 A.2d 335 (Del. 1987).

In any case, Wilson cannot show prejudice as a result of his counsel's failure to raise the issue on direct appeal. As explained *infra*, Wilson's attorney was not ineffective on appeal in failing to present the double jeopardy question. Consequently, Wilson cannot demonstrate cause for his procedural default in the state courts or resulting prejudice. In turn, Wilson has not alleged actual innocence or a fundamental miscarriage of justice that would allow consideration of his claim. *See Carrier*, 477 U.S. at 496 ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default"). In order to have his procedurally defaulted claim reviewed under the miscarriage of justice exception, Wilson must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See id.*; *Calderon v. Thompson*, 523 U.S. 538, 540 (1998); *Schulp v. Delo*, 513 U.S. 298, 329 (1995). Wilson has not, however, alleged actual innocence. Wilson has failed to establish a fundamental miscarriage of justice and his third claim should be summarily dismissed.

Wilson alleges in his fourth ground for relief that his conviction violates *Brady*. Section 2254(b) requires that a state prisoner seeking federal habeas relief first exhaust remedies available in the state courts. 28 *U.S.C.* § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Further, a petitioner must have raised in the

state courts the factual and legal premises of his claims presented in his petition. *Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d Cir. 1986). If the claim is fairly presented, then state remedies have been exhausted regardless of how the state court disposes of the claim. *Digmon*, 434 U.S. at 333. Here, Wilson has never presented the issue of the alleged *Brady* violation to the Delaware Supreme Court.

If Wilson attempts to present a *Brady* claim to the state courts in a new post-conviction motion, his motion would be barred by Superior Court Rule of Criminal Procedure 61(i)(2). *See Lawrie v. Snyder*, 9 F.Supp.2d 428, 453-54 (D. Del. 1998). Therefore, Wilson has procedurally defaulted any *Brady* claim. However, because a state remedy is no longer available to Wilson, he is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although Wilson is thus excused from satisfying the exhaustion requirement, his claim is procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Wilson has alleged neither cause nor prejudice for his procedural default. Moreover, Wilson has not alleged a *Brady* violation in the trial that led to his conviction; rather Wilson complains about the lack of discovery that produced a mistrial. The Superior Court stated at the hearing on Wilson's motion to suppress and motion to dismiss in reference to the mistrial that "It was not the fault of the State. I think it was the fault of defendant's prior counsel. . . . There has been no sufficient prejudice identified by the defendant as to why this case ought not have been

7

mistried. *Oregon v. Kennedy,* 456 U.S. 667 (1982) says that only when prosecution's conduct was intended to provoke the defendant in moving for a mistrial might a second trial be barred by the double jeopardy clause." A-91 of Appendix to Appellant's opening brief, No. 446, 2001. Thus, the instant situation does not fall into the category of "fundamental miscarriage of justice," and Wilson's procedural default of this claim cannot be excused. The fourth ground for relief must be dismissed.

In his fifth claim for relief, Wilson has alleged that his counsel provided ineffective assistance for three separate reasons: a) failure to subpoena the medical examiner as a witness; b) failure to raise his double jeopardy argument on direct appeal; and c) failure to call Wilson as a witness at the suppression hearing. (D.I. 1). All of these claims were presented to the state supreme court in Wilson's appeal from the denial of his post-conviction motion. Accordingly, he has exhausted state remedies as to these issues.

The Delaware Supreme Court's decision that counsel was not ineffective amounted to a reasonable application of clearly established federal law for purposes of section 2254(d)(1). To prevail, Wilson had to show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there was a reasonable probability that the outcome of the trial would have been different—the holding of the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Wilson cannot satisfy this burden.

Regarding the failure to subpoena a witness from the Office of the Medical Examiner, section 4330 of title 10 of the Delaware Code provides that

> for the purpose of establishing that physical evidence in a criminal or civil
> proceeding constitutes a particular controlled substance defined in Chapter 47 of

8

> Title 16, a report signed by the forensic toxicologist or forensic chemist who performed the test or tests as to its nature is prima facie evidence that the material delivered was properly tested under procedures approved by the office of the Chief Medical Examiner/Forensic Sciences Laboratory, that those procedures are legally reliable, that the material was delivered by the officer or person stated in the report and that the material was or contained the substance stated therein, without the necessity of the forensic toxicologist or forensic chemist personally appearing in court, provided the report identifies the forensic toxicologist or forensic chemist as an individual certified by the office of the Chief Medical Examiner/Forensic Sciences Laboratory, the Delaware State Police . . .

Section 4331 of title 10 provides definitions regarding the chain of custody and control. Section 4332 of title 10 provides a mechanism by which the defendant in a criminal proceeding may require the prosecution to produce a witness from the Office of the Chief Medical Examiner to testify, as long as that request is made five days prior to trial. This mechanism by which a forensic toxicologist can be required to testify in the state's case-in-chief does not preclude the defendant from issuing a subpoena for the toxicologist as part of the defendant's case-in-chief. 10 *Del. C.* § 4332(b). Wilson's counsel explained that not requiring the prosecution to call a toxicologist was a strategic decision. The difference in the weight of the cocaine did not change the quantity of drugs needed for the State to prove a charge of trafficking. Live testimony may well only have served to highlight to quantity of cocaine and made the prosecution's case more credible. Counsel's strategic decision is presumptively reasonable and entitled to deference. The Delaware Supreme Court stated: "He has not set forth with particularity what advantages he would have gained through the Medical Examiner's in-court testimony, because to establish Trafficking, the drugs in defendant's possession need to have weighed only 5 grams. In this case, whether they weighed 16 grams or only 13.83 grams would have made no difference, because either weight would have been sufficient to convict." *Id*, *4. Therefore, Wilson failed to establish the prejudice prong of *Strickland*, and thus has

9

failed to show that the Delaware Supreme Court unreasonably applied *Strickland* in denying this claim of ineffective assistance of counsel. *See, e.g., Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995) (counsel not constitutionally deficient for failing to interview medical examiner and agreeing to a reading of the medical examiner's report in lieu of live testimony).

Turning to Wilson's claim that appellate counsel was ineffective for failing to raise the issue of double jeopardy in the direct appeal of his conviction, Wilson's claim is also without merit. Wilson's double jeopardy claim can only be understood in the context of the atypical procedural stance of his case. Wilson was initially represented by the office of the public defender. Wilson's relationship with his first counsel was less than amicable. Before his first trial, the relationship had deteriorated to the point that Wilson elected to represent himself. Part way into the first trial, at Wilson's request, the Superior Court declared a mistrial, ostensibly because of a discovery violation. The Superior Court noted that Wilson had not received certain discovery, but that lack of discovery was not the fault of the prosecution. Instead, the Superior Court attributed the problem to the breakdown in the attorney-client relationship that Wilson had with his public defender. *See* Appendix to Appellant's Opening Brief, No. 370, 2003 at A-12. The discovery materials that Wilson lacked at trial merely served to highlight that his first counsel failed to move to suppress the drugs that were the focus of the prosecution, and by declaring a mistrial and appointing new counsel, Wilson would have the opportunity for a suppression hearing. *See* Appendix to Appellant Opening Brief, No. 446, 2001 at A-127. After appointment of counsel, new counsel moved to suppress the drugs, and the court conducted an evidentiary hearing. Wilson's new counsel represented him until the

10

day of trial, when Wilson again chose to represent himself. After trial, the court re-appointed the suppression hearing counsel to represent Wilson on appeal.

To prevail on his ineffective assistance claim regarding appellate counsel's failure to raise double jeopardy on direct appeal, Wilson must overcome nearly insurmountable barriers. Wilson cannot show that the Delaware Supreme Court unreasonably applied *Strickland* in concluding that appellate counsel's decision not to raise double jeopardy caused Wilson no prejudice. The double jeopardy clause of the Fifth Amendment, applied to the states through the Fourteenth Amendment, prohibits a person from twice having his life or liberty placed in peril. The simple fact that a jury had been sworn in Wilson's first trial does not mean that his subsequent conviction after a mistrial and new trial violated double jeopardy. The prosecution did not request the mistrial, and Wilson actively sought it. Wilson did not later object to the mistrial when the court advised him that it would not result in dismissal of the charges against him. As a result of the mistrial, Wilson obtained the benefit of a suppression hearing that he would not otherwise have had. The suppression issue was the most critical part of Wilson's case. Appellate counsel raised the suppression issue on appeal and chose not to distract the Delaware Supreme Court with a clearly non-meritorious double jeopardy issue. *See Oregon v. Kennedy*, 456 U.S. 667 (1982).[4] Issue spotting is the hallmark of effective appellate advocacy, and the Delaware Supreme Court's decision denying Wilson's ineffective assistance claim in his Rule 61 appeal appropriately recognized this fact. *See, e.g., Tinsley v. Million*, 399 F.3d 796, 813 (6th Cir. 2005) (defendant consented to mistrial, did not attempt to withdraw the

---

[4] Counsel grudgingly raised the double jeopardy issue in a motion to dismiss before the Superior Court, and the Superior Court summarily rejected the motion. Appendix to Appellant's Opening brief at A-11-12.

11

motion, and there was no evidence of bad faith on the part of the prosecution); *Thomas v. Scully*, 854 F.Supp. 944, 961-62 (E.D.N.Y. 1994) (appellate counsel's decision not to pursue a claim of double jeopardy that lacked merit consistent with reasonable appellate strategy).

      As to the claim that counsel should have called Wilson to testify at the suppression hearing to establish standing, counsel's actions were reasonable and Wilson failed to establish prejudice. In a recent application by the Third Circuit of *Strickland* to a claim of failure to call a defendant as a witness at a suppression hearing, the court noted the substantial risks to a defendant, particularly exposing himself to potential impeachment at trial in the event he elected to testify in his own defense. *Reinert v. Larkins*, 379 F.3d 76, 95-96 n. 5 (3d Cir. 2004). Directly contrary to Wilson's claim of ineffective assistance on this point, the Third Circuit suggested that a defense attorney who permitted his client to testify at a suppression hearing may very well provide ineffective assistance in the process. *Reinert*, 379 F.3d at 96 n.5. "The Sixth Amendment is satisfied when 'counsel's conduct falls within a wide range of reasonable professional assistance,' thereby 'ensur[ing] that criminal defendants receive a fair trial." *Rompilla v. Horn*, 355 F.3d 233, 259 (3d Cir. 2004). Here, Wilson did not overcome the presumption that counsel's actions were reasonable. *See Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3d Cir. 1996). Moreover, the habeas petitioner raising a claim of ineffective assistance of counsel must establish a reasonable probability – one sufficient to undermine the reviewing court's confidence in the outcome – that the jury's verdict would have been different but for counsel's errors. *Duncan v. Morton*, 256 F.3d 189, 201 (3d Cir. 2001), *citing Strickland*, 466 U.S. at 695. Here, the Delaware Supreme Court

determined that Wilson's complaint about the suppression hearing also failed under *Strickland's* prejudice prong. According to the state court, "Wilson has failed to suggest with particularity what trial counsel should have done to establish Wilson's standing to contest the search. Moreover, the defendant ignores the trial court's alternative ground for denying his motion to suppress, i.e., that Ms. Davis had validly consented to a police search of her home." *Wilson v. State*, 2004 WL 220320, *3 (Del. 2004). Therefore, Wilson cannot establish prejudice under *Strickland* because even had his counsel called him as a witness, and Superior Court had determined that he had standing to challenge the search, the search would nonetheless have been valid as a consent search based on Davis' authorization.

        The decision of the state courts as to each of these three claims of ineffective assistance was a reasonable application of *Strickland*. *Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997); *United States v. Mealy*, 851 F.2d 890, 908 (7th Cir. 1988); *Parsons v. Galetka*, 57 F.Supp.2d 1151, 1175 (D. Utah 1999). *See Hill v. Lockhart*, 474 U.S. 52, 60 (1986) (petitioner must affirmatively allege prejudice in petition); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998); *Buxton v. Collins*, 925 F.2d 816, 824 (5th Cir. 1991); *Mayberry v. Petsock*, 821 F.2d 179, 185-86 (3d Cir. 1987) (specific allegations required as prerequisite for further proceedings). As a result, Wilson cannot show that the decision of the state courts was an unreasonable application of Supreme Court precedent, and this claim of ineffective assistance thus must be rejected under 28 *U.S.C.* § 2254(d)(1). Thus, all three parts of Wilson's fifth grounds for habeas relief must be denied.

The transcripts of Wilson's suppression hearing, his first trial (including pre-trial conference), his second trial, motion for judgment of acquittal, and sentencing hearing have been prepared. In the event that the Court deems production of any of these transcripts necessary, Respondents anticipate that production of such transcript would require 90 days from the date an order by this Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be denied without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
(302) 577-8398

Dated: May 16, 2005